Taet, J.,
concurring. I agree with the syllabus and judgment in this case, but not with all the reasons therefor stated in the majority opinion. For example, see Rogers v. Barbera, 170 Ohio St., 241, 244, 164 N. E. (2d), 162.
The record in this case discloses that, when the Common Pleas Court rendered judgment against defendant for $105,400, it found “defendant * # * guilty of reckless, willful and wanton conduct and * * * guilty of carelessness and gross negligence as a direct and proximate result of which the plaintiff was injured and damaged, and that she is entitled to judgment as prayed for in her petition.”
If plaintiff’s injuries and damages were proximately caused by the willful conduct of defendant, then defendant would be liable to plaintiff on account of such injuries and damages al *343 though there may have been other independent proximate concurring causes thereof, such as the reckless and wanton or negligent conduct of others. See Glass v. McCullough Transfer Co., 159 Ohio St., 505, 112 N. E. (2d), 823, Meyer v. Cincinnati Street Ry. Co., 157 Ohio St., 38,104 N. E. (2d), 173. Hence, in view of the conjunctive used in the journal-entry judgment of the Common Pleas Court, it is apparent that that judgment represents a judicial determination that defendant’s willful conduct was a proximate cause of plaintiff’s injuries and damages of $105,400; and we are confronted with the very narrow question of whether an Ohio judgment for willfully causing personal injuries represents a liability “for willful and malicious injuries to the person * * * of another” within the meaning of Section 17 (a) (2) of the Bankruptcy Act.
In Ohio, where one willfully causes injury to another without establishing just cause for doing so, malice of the one so causing such injury is implied. See Lindsey v. State, 69 Ohio St., 215, 233, 69 N. E., 126, Davis v. State, 25 Ohio St., 369.